Witmer et al. *v.* Witmer, Appellant, et al.

Argued April 14, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Frederick J. Templeton,* for appellant.

*Mark E. Garber,* with him *Paul J. Smith* and *George M. Houck,* for appellees.

OPINION BY MR. JUSTICE PATTERSON, May 23, 1949:
This is an appeal from an order of the court below entered upon a case stated.

Annie M. Huston, deceased, died testate without issue on May 23, 1947. By her last will and testament, dated August 7, 1942, and codicils thereto, testatrix directed

that her residuary estate, consisting of realty and personalty, be converted into cash and provided for distribution of the proceeds among residuary beneficiaries, including Arthur Witmer, Joseph Witmer, Samuel Witmer, Clarissa Gross, Anna Zeigler, and Rachel Ziegler, nephews and nieces, to whom, in prior provisions of the will, she gave her household furnishings and personal effects. By the third codicil, dated November 29, 1946, testatrix directed that "the proceeds of the sale of my farm in Middlesex Township" be divided equally between her nephews, Samuel Witmer and Joseph Witmer. It is agreed that the farm referred to by testatrix is that on which she resided during her lifetime and in which she was given a life estate by the will of her father, Samuel Witmer, deceased, who died in 1893, with remainder to her children, if any, and in the event of failure of issue to his heirs at law. It is also undisputed on this appeal that testatrix died owning an undivided one-third interest in the farm and that upon her death the above-named nephews and nieces acquired the other two-thirds interest, as tenants in common, under the will of Samuel Witmer.

The single question for decision is whether Clarissa Gross, Anna Ziegler, Rachel Zeigler, and Arthur Witmer are required to elect between their interest in the farm under the will of Samuel Witmer and the legacies given them by testatrix.

We agree with the court below that no case for election is presented. The construction upon which a party is put to an election must be clear upon the face of the will. A party will never be put to an election upon a doubtful construction: *Pennsylvania Company for Insurances on Lives, etc., v. Stokes,* 61 Pa. 136, 140. "Where the testator has a partial interest in the property devised or bequeathed by his will, the necessity of an election is always much less apparent than where

he purports to bestow property in which he has no interest whatever. In such case it is a settled rule that courts will lean as far as possible in favor of an interpretation which shows an intention of the testator to give only the interest, estate, or share which he is enabled, by virtue of his own right, to deal with . . ." 2 Pomeroy's Equity Jurisprudence (5th ed.), section 488. See also 57 Am. Juris., section 1557. "If testator has any interest in property which is given specifically, it will be presumed that he intends to give only such interest": 4 Page on Wills (3rd ed.) page 6. Where the language of the will admits of being restricted to property belonging to or disposable by the testator, the inference will be drawn that he did not intend it to apply to that over which he had no disposing power: *Miller v. Springer,* 70 Pa. 269, 273.

In *Cooley v. Houston,* 229 Pa. 495, 78 A. 1129, as stated in the opinion (p. 504), the will "clearly indicates [testator's] intention to give a fee-simple title to the respective devisees." There testator devised the entire property, giving the devisees specific portions of it. Here it was not attempted to make a gift of the farm itself or of any specific portions. The bequest to Joseph and Samuel Witmer is merely of the proceeds and follows a provision in the will directing "all the rest, residue and remainder of my estate, real, personal and mixed, whatsoever and wheresoever, to be converted into cash." Construing the will and codicil together, in light of the circumstance that testatrix resided on the farm and enjoyed full use and occupation during her lifetime, the language is fairly susceptible of the interpretation that a gift of the proceeds of testatrix's interest only is all that was intended. Compare *Pennsylvania Company for Insurances on Lives, etc., v. Stokes,* supra, 141.

Order affirmed. Costs to be paid by appellant.